IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffery James Williams, #270812,    ) | |
| ) | C.A. No. 4:04-21769-HMH-TER |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | **OPINION & ORDER** |
| ) | |
| Dr. Brown; Dr. Grecco; and Dr. Benoir,    ) | |
| ) | |
| Defendants.    ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1]  Jeffery James Williams ("Williams"), proceeding pro se, filed a complaint on August 3, 2004.[2]  Williams alleges that officials at Perry Correctional Institution ("PCI") violated his constitutional rights by not properly treating his medical conditions.  On November 18, 2004, Dr. Brown ("Brown"), Dr. Grecco ("Grecco"), and Dr. Benoir ("Benoir") (collectively "defendants") filed a motion to dismiss or for a more definite statement ("first motion").  On November 24, 2004, Grecco and Benoir filed an amended motion to dismiss or for a more definite statement ("amended motion").  In the amended motion, counsel for the defendants, Daniel R. Settana ("Settana") and J. Eric Kaufmann

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2] See Houston v. Lack, 487 U.S. 266 (1988).

1

("Kaufmann"), clarified that they only represented Grecco and Benoir and did not represent Brown, and that the motion was only filed on Grecco and Benoir's behalf. (Am. Mot. at 2-3.) Settana and Kaufmann claimed that Brown was not employed by the South Carolina Department of Corrections ("SCDC") at any time relevant to the action. (Id. at 2.) Williams responded on January 18, 2005, and filed a motion for summary judgment on January 21, 2005.

On May 18, 2005, Magistrate Judge Rogers filed his Report and recommended that (1) the defendants' motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) should be denied because Williams may have stated a claim under 42 U.S.C. § 1983; (2) the parties should be granted additional time to file dispositive motions; (3) Williams' motion for summary judgment should be dismissed as premature; and (4) the first motion should be deemed moot due to the filing of the amended motion. Finally, the Magistrate Judge granted the defendants' motion for a more definite statement and notified Williams that he had thirty days from May 18, 2005, to file an amended complaint. The Magistrate Judge also notified Williams that he had ten days, exclusive of weekends and holidays, to file objections to the Report and Recommendation.

The parties' opportunity to file objections expired June 2, 2005, and neither Williams nor the defendants filed objections to the Report and Recommendation before the deadline. However, Williams filed a document captioned "Affidavit in Opposition to the defendants [sic] Motion for A More Definite Statement" ("June response").[3] In the June response,

---

[3]On June 9, 2005, the clerk of court filed the June response. Williams filed the June response when he placed it in the prison mail system. See Houston, 487 U.S. at 276.

2

Williams essentially responded to the amended motion by reiterating and clarifying his claim, and he petitioned the court for relief. On June 9, 2005, Williams filed a second motion in which he requested that the court allow him additional time to amend his complaint and provide him with a § 1983 complaint form.

Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that, to the extent Williams intended the June response to serve as objections to the Report and Recommendation, his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims.[4] Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation. Moreover, the court grants Williams' motion for additional time to file his amended complaint in part, allowing him an additional ten (10) days from the date of this

---

However, the date when that occurred is ambiguous; the SCDC stamped the envelope as having been received on June 21, 2005, which is impossible, as the document was received at the clerk's office on June 9, 2005. Giving Williams the benefit of the doubt, to the extent that Williams sought to object to the Report and Recommendation in filing the June response, it is timely.

[4]In fact, the June response appears to be an effort by Williams to comply with the Magistrate Judge's order requiring him to provide a more definite statement of his claims.

3

order to file his amended complaint. Finally, the court grants Williams' request to have a § 1983 complaint form sent to him.

Therefore, it is

**ORDERED** that Grecco and Benoir's amended motion to dismiss is denied. It is further

**ORDERED** that the parties have forty-five (45) days from the date of this order to file dispositive motions. It is further

**ORDERED** that Williams' motion for summary judgment is dismissed as premature, but Williams may refile his motion for summary judgment within forty-five (45) days from the date of this order. It is further

**ORDERED** that the defendants' first motion to dismiss is dismissed as moot. It is further

**ORDERED** that Williams' motion for an additional thirty days to file his amended complaint is granted in part; Williams has ten (10) days from the date of this order to file his amended complaint. It is further

**ORDERED** that the clerk send Williams a § 1983 complaint form.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 16, 2005